**William HERRON, Plaintiff-Appellant,**

v.

**PERI & SONS FARMS, INC.,**
**Defendant-Appellee.**

No. 14-16134

United States Court of Appeals, Ninth Circuit.

Submitted February 9, 2017 *
San Francisco, California

Filed FEBRUARY 13, 2017

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Day R. Williams, Esquire, Attorney, Day R. Williams, Attorney at Law, Carson City, NV, for Plaintiff-Appellant

Robert C. Huntington, Esquire, Attorney, Holland & Hart LLP, Las Vegas, NV, Dora Lane, Esquire, Attorney, Holland & Hart LLP, Reno, NV, Brad Michael Johnston, Johnston Law Offices, P.C., Yerington, NV, for Defendant-Appellee

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

William Herron appeals the district court's summary judgment in his action alleging that Peri & Sons Farms, Inc., discriminated against him by terminating his employment as a maintenance mechanic and failing to accommodate his bad back in violation of Americans with Disabilities Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1235 n.1 (9th Cir. 2012). We affirm.

The district court properly granted summary judgment because Herron failed to raise a genuine dispute of material fact as to whether he was " 'a qualified individual able to perform the essential functions of the job with reasonable accommodation.' " *Id.* at 1237 (citation omitted) (setting out requirements for a prima facie case of failure to accommodate); *see also id.* (to determine whether an individual is qualified, " '[t]he court first examines whether the individual satisfies the requisite skill,

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

experience, education, and other job-related requirements of the position'" (citation omitted)); *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d .1080, 1087 (9th Cir. 2001) (same requirements for a prima facie case of disability discrimination). The record shows that the maintenance mechanic position for which Herron was hired required a certificate of completion or equivalent from a certified trade school. It is undisputed that Herron lacked a certificate of completion from a certified trade school, and Herron provided no evidence that his various other expired certificates demonstrated equivalent training.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.